IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL CHAPMAN,<br>AIS # 271129,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON S. DUNN, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:20-CV-7-WKW<br>[WO] |

**ORDER**

Before the court is Plaintiff Michael Chapman's self-styled "Motion to Lift Stay on Defendants Charlie T. Waugh and Michelle Copeland That was Improperly Placed." (Doc. # 136.) In his motion, Plaintiff claims that this action was improperly stayed as to Michelle Sagers Copeland, RN ("Copeland") and Charlie T. Waugh, CRNP ("Waugh") in violation of Eleventh Circuit directives and without his knowledge. (*Id.* at 1–2.) Because this action is properly stayed with respect to Copeland and Waugh, Plaintiff's motion will be denied.

For background, Plaintiff, an inmate proceeding *pro se*, filed a 42 U.S.C. § 1983 complaint in late 2019. (Doc. # 1.) He later filed an amended complaint against six Defendants: Jefferson S. Dunn, former Commissioner of the Alabama Department of Corrections (ADOC); Ruth Naglich, former Associate Commissioner of Health Services for the ADOC; Copeland; Waugh; Mary Cooks, former warden

of Draper Correctional Facility; and Corizon Medical, former medical services provider for the ADOC.[1] (Doc. # 10.) During the pendency of this action, Tehum Care Services, Inc. d/b/a Corizon Health, Inc./Corizon, LLC ("Tehum/Corizon") filed Chapter 11 bankruptcy. (*See* Doc. # 57 (Tehum/Corizon's Suggestion of Bankruptcy and Notice of Automatic Stay filed Feb. 28, 2023); *In re Tehum Care Services, Inc.*, No. 4:23-bk-90086 (Bankr. S.D. Tex. filed Feb. 13, 2023). The automatic stay of this action against Tehum/Corizon became effective upon filing of its Chapter 11 case, and remains in effect as to unsecured creditors like Plaintiff. *See* 11 U.S.C. § 362(a). The automatic stay originally was not extended to any of the non-debtor Defendants (including Copeland and Waugh, even though they are former employees of Tehum/Corizon). (*See* Doc. # 59.)

On March 7, 2023, the Magistrate Judge's Report and Recommendation was adopted, and this action was dismissed against all Defendants, except for Tehum/Corizon. (Docs. # 60, 61.) Plaintiff appealed. (Doc. # 64.) On February 25, 2025, the Eleventh Circuit reversed this court's determination that Plaintiff's claim against Waugh was time-barred. (Doc. # 87 at 23); *Chapman v. Dunn*, 129 F.4th 1307, 1319 (11th Cir. 2025). The Eleventh Circuit also vacated the judgment

[1] On March 7, 2023, the electronic docket sheet was updated, substituting Tehum Care Services, Inc. d/b/a Corizon Health, Inc./Corizon, LLC for Corizon Medical. Additionally, John Q. Hamm, then-Commissioner of the ADOC, was added as a Defendant in his official capacity. Former Commissioner Dunn remained a Defendant in his individual capacity. (Doc. # 58.)

and remanded for analysis of Plaintiff's deliberate-indifference claims in light of *Wade v. McDade*, 106 F.4th 1251 (11th Cir. 2024) (en banc). (Doc. # 87 at 23–24); *Chapman*, 129 F.4th at 1319.

After remand, on May 12, 2025, Tehum/Corizon filed a Notice to Court of Bankruptcy Status and Motion to Stay. (Doc. # 100.) The notice and motion stated that the United States Bankruptcy Court for the Southern District of Texas confirmed the first modified joint Chapter 11 Plan of Reorganization on March 3, 2025. (*Id.* ¶ 1; *see also* Doc. # 100-1 ("Confirmation Order").[2]) Because the confirmed Plan defines "released parties" to include "former officers, directors, managers, employees, contractors, agents, attorneys, and other professional advisors, Insiders, and Affiliates" of the Debtor (Doc. # 100-2 at 10), Tehum/Corizon moved to stay this action with respect to itself and its former employees, Copeland and Waugh. (Doc. # 100 at 1.) Contrary to Plaintiff's assertion that this action was stayed as to these Defendants without his knowledge (Doc. # 136 at ), on May 15, 2025, an Order was issued, directing Plaintiff to show cause why this action should not be stayed as to his claims against Tehum/Corizon, Copeland, and Waugh. (Doc. # 102 ("May 15, 2025 Order").) Plaintiff never responded to the May 15, 2025 Order.

---

[2] The Confirmation Order allowed parties, like Plaintiff, to opt out of the Consensual Claimant Release. (Doc. # 100-1 at 20–21.) Plaintiff is not listed as having opted out (*id.* at 57), and he submitted a Proof of Claim in the bankruptcy proceedings (Doc. # 100-4). The confirmed Plan became effective on March 31, 2025. (Doc. # 100 ¶ 4.)

After the May 15, 2025 Order was issued, Tehum/Corizon filed a Supplemental Motion to Stay. (Doc. # 103.) The supplemental motion asked for a stay of Plaintiff's claims against Tehum/Corizon, Copeland, and Waugh while awaiting the bankruptcy court's order on the Omnibus Motion to Enjoin Plaintiffs from Prosecuting Claims Against Released Parties filed in the bankruptcy proceedings on May 16, 2025.[3] (Doc. # 103 at 1–2; *see also* Doc. # 103-1 (omnibus motion to enjoin).) By Order dated August 14, 2025, Tehum/Corizon's motion to stay, as supplemented, was granted, and this action was stayed against Tehum/Corizon, Copeland, and Waugh "unless and until the United States Bankruptcy Court for the Southern District of Texas issues an order that permits this action to continue." (Doc. # 109 at 2.)

Other than the entry of an Initial Scheduling Order on November 13, 2025 (Doc. # 115), nothing of note occurred until Mr. Philip G. Piggott, Esq., who represented all Defendants in this action, moved to withdraw as counsel (Doc. # 120). In an Order entered on June 22, 2026, Mr. Piggott was permitted to withdraw. (Doc. # 124 ("June 22, 2026 Order").) The June 22, 2026 Order noted that this action remains stayed as to Tehum/Corizon, Copeland, and Waugh.[4] (Doc.

[3] The supplemental motion represented that Tehum/Corizon would promptly inform the court when the bankruptcy court ruled on the motion. (Doc. # 103 at 2.) The court was never informed of the motion's disposition.

[4] The June 22, 2026 Order also noted that new counsel for Defendants Jefferson S. Dunn, Ruth Naglich, and Mary Cooks had entered a notice of appearance, and it substituted Greg Lovelace,

# 124 at 2.) This action since has proceeded against Jefferson S. Dunn, former Commissioner of the ADOC; Ruth Naglich, former Associate Commissioner of Health Services for the ADOC; Mary Cooks, former warden of Draper Correctional Facility; and Greg Lovelace, current Commissioner of the ADOC (collectively, "ADOC Defendants"). On September 16, 2026, the ADOC Defendants notified the court that Plaintiff and the ADOC Defendants had reached a settlement agreement during mediation that fully resolves Plaintiff's claims against them. (Doc. # 134.) Plaintiff and the ADOC Defendants have been ordered to file a joint stipulation of *pro tanto* dismissal by November 16, 2026. (Doc. # 135.)

Now, more than a year since this action was stayed as to Tehum/Corizon, Copeland, and Waugh, Plaintiff argues that the stay of his claims against Copeland and Waugh is improper. (Doc. # 136.) Plaintiff is incorrect. On August 7, 2025, the United States Bankruptcy Court for the Southern District of Texas entered a Decision and Order on the Omnibus Motion to Enjoin Plaintiffs from Prosecuting Cases Against Released Parties. *In re Tehum Care Services, Inc.*, No. 4:23-bk-90086 (Bankr. S.D. Tex. August 7, 2025), ECF No. 2374 ("Decision and Order"). The Decision and Order and its Exhibit A are attached hereto as **Exhibit 1**. In its Decision and Order, the bankruptcy court ordered as follows:

---

Commissioner of the ADOC as of May 1, 2026, for John Q. Hamm in his official capacity. (Doc. # 124 at 1–2.)

> The[] parties [listed on Exhibit A] are restrained and enjoined from taking any action to prosecute any causes of action for the purposes of directly, indirectly, or derivatively collecting, recovering, or receiving payment, satisfaction, or recovery from any Released Party based on released Causes of Action (as such terms are defined in the Plan).

**Ex. 1** at 6; *see also id.* at 7 (Exhibit A, listing Michael Chapman as a claimant/plaintiff who received an Opt-Out Release Form but did not opt out and is enjoined from prosecuting his claims against any Released Party). To be sure, the confirmed Plan's definition of "released parties" includes former employees of the Debtor. *Id.* at 2. As former employees of Tehum/Corizon, Copeland and Waugh fall under this definition, and Plaintiff cannot prosecute his claims against them unless and until the bankruptcy court issues an order permitting this action to continue.

Based on the foregoing, it is ORDERED that Plaintiff's "Motion to Lift Stay on Defendants Charlie T. Waugh and Michelle Copeland That was Improperly Placed" (Doc. # 136) is DENIED.

DONE this 7th day of October, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE